UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:16-CV-851 (CEJ) |
| JOSEPH CONSTRUCTION, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to compel an accounting following entries of default against defendants Joseph Construction, Inc., and Ricky L. Roach. Defendants were served with summonses and a copy of the complaint on June 18, 2016, and have not filed answers or otherwise appeared in this matter. On July 28, 2016, the Clerk of Court entered default against defendants.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are the Painters District Council No. 58 (the Union) and four employee benefit plans (the Pension, Welfare, Vacation, and Apprenticeship Trusts and their trustees (collectively, the Funds). According to the complaint, defendant Joseph Construction Co., is bound by a collective bargaining agreement with the Union and is obligated to make contributions to the Funds, file monthly contribution reports, and remit dues payments. In addition, on September 1, 2015, defendant Ricky L. Roach executed a

personal guaranty for the payment of wages, dues and contributions, as the organizer and principal of Joseph Construction. Plaintiffs allege that defendants have failed to submit reports and make contributions to the Funds. Plaintiffs now move for an order to compel an accounting for the period from September 1, 2015 through the present date.

Rule 55(b)(2)(A) of the Federal Rules of Civil Procedure allows a court to enter an order compelling an accounting when necessary to enter or effectuate a judgment. In the present case, the plaintiffs cannot determine the full amount of unpaid contributions and liquidated damages that are owed to them without conducting an audit of the defendants' books and records for the period from September 1, 2015 through the present. The information obtained through the audit is necessary to enable the Court to enter judgment in the correct amount and, therefore, the plaintiffs' motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel an accounting [Doc. #11] is **granted**.

**IT IS FURTHER ORDERED** that, not later than **October 14, 2016**, defendants Joseph Construction, Inc., and Ricky L. Roach shall produce for inspection by plaintiffs all books, ledgers, payroll records, cash disbursement ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to employees of Joseph Construction, Inc., for the period beginning September 1, 2015, through present.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant Joseph Construction, Inc., at the following address:

Joseph Construction, Inc.
5118 Deerfield Circle Drive
St. Louis, MO 63128

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this order to defendant Ricky L. Roach at the following address:

Ricky L. Roach
5118 Deerfield Circle Drive
St. Louis, MO 63128

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of September, 2016.