UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:16-CV-851 (CEJ) |
| JOSEPH CONSTRUCTION, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for default judgment against defendant Joseph Construction, pursuant to Fed.R.Civ.P. 55(b)(2).[1]

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132. Plaintiffs are the Painters District Council No. 58 (the Union) and four employee benefit plans (the Pension, Welfare, Vacation, and Apprenticeship Trusts) and their trustees (collectively, the Funds). Defendant is an employer in an industry affecting commerce within the meaning of the LMRA and ERISA. Defendant is party to a collective bargaining agreement with the Union, and is bound by various trust agreements relating to the Funds. Plaintiffs allege that defendant failed to make

---

[1] Plaintiffs also name Ricky Roach, who executed a personal guaranty for the payment of wages, dues and contributions, as the organizer and principal of Joseph Construction. On February 13, 2107, Mr. Roach was granted a discharge of his debts in bankruptcy. *In re Ricky Roach*, Case No. 16-47961 (Bankr. E.D. Mo. Feb. 13, 2017) [Doc. #16]. Accordingly, plaintiffs seek judgment against Joseph Construction only.

timely contributions to the Funds as required by the terms of the collective bargaining agreement. Plaintiffs seek a total of $38,462.17 for unpaid contributions, union dues, liquidated damages, and accounting costs, plus $3,971.18 for attorneys' fees and costs.

The summons and a copy of the complaint were served on defendant on June 18, 2016. Defendant did not file an answer or other responsive pleading and, on July 28, 2016, the Clerk of Court entered default against defendant.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On September 1, 2015, defendant entered into an agreement to be bound by the terms of a collective bargaining agreement, effective through August 31, 2016. [Docs. #20-5 (Agreement); #20-6 (signature page)]. The collective bargaining agreement requires defendant to remit dues and make contributions to the funds for each hour worked by employees covered by the agreement. Agreement, §§ 36-40. Failure to make timely contributions subjects defendant to liquidated damages of 10% for the first 30 days of delinquency, after which liquidated damages are assessed at the rate of 1.5%, compounded monthly; in addition, defendant is liable for accounting costs, court costs, and attorneys' fees. Id. § 4.

The accounting firm of Grabel, Schneiders, Hollman & Co., P.C., conducted a payroll examination of defendant for the period of September 1, 2015 through June 30, 2016. Charles Kinder Aff. [Doc. #20-2]; Independent Accountants Report [Doc.

#20-7]. Based on that examination, it was determined that defendant owes $31,327.63 in unpaid contributions and union dues and $6,620.07 in liquidated damages. The cost for completing the payroll examination was $514.47.

Plaintiffs also submit the affidavits of attorney Matthew J. Gierse. [Docs. #20-4; #22-1]. According to Mr. Gierse, his firm's standard hourly billing rates for delinquency matters was $180.00 until February 1, 2017, when it became $220.00. Billing records establish that slightly more than 16.10 hours[2] of legal services were performed, for a total of $3,320.17. The Court finds that the hourly rates and hours expended are reasonable. In addition, the firm paid $400.00 for the filing fee and $75.00 for service of process, for a total of $475.00, to which plaintiffs are also entitled. Plaintiffs fail to identify the purpose of an additional $176.01 in costs and this amount will be disallowed.

Based on the documentation and affidavits submitted by plaintiffs, the Court finds that defendant Joseph Construction was bound at all relevant times by a valid collective bargaining agreement and that it breached its obligations by failing to timely pay the required contributions and union dues. Plaintiffs have established that defendant is liable to them for $31,327.63 in unpaid fringe benefit contributions and union dues, $6,620.07 in liquidated damages, and $514.47 in payroll examination costs, for a total of $38,462.17. Plaintiffs have also established that defendant is liable to them for $3,795.17 in legal fees and costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #20] is **granted**.

---

[2] The billing system makes entries for charges, but not hours, for periods of time shorter than .01 hours.

A separate judgment in accordance with this Memorandum and Order will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of April, 2017.